■ SOMERS MANOR NURSING HOME, INC., Respondent, v ROBERT P. WHALEN, as Commissioner of the New York State Department of Health, Appellant.—Appeal from a judgment of the Supreme Court at Special Term,

entered September 23, 1975 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, and directed appellant to set a date certain for a public hearing pursuant to subdivision 5 of section 2802 of the Public Health Law. (Unless otherwise specified, all statutory references hereinafter are to the Public Health Law.) In this proceeding the appellant does not dispute the petitioner's allegation that subsequent to the denial of an application for approval to place additional beds in its nursing home facility, the right to a "public hearing" as provided in subdivision 5 of section 2802 was duly demanded in March of 1974 and since that time the appellant had refused to actually conduct such a hearing. Over one year had passed as of the time the article 78 proceeding to compel the scheduling of the hearing was commenced and apparently there has still been no scheduling of the hearing as of the time of the argument of this appeal in April of 1976. Article 28, which relates to hospitals (including nursing homes) does not specify any time within which the appellant must conduct the public hearing. Furthermore, there do not appear to be any rules or regulations which would establish the date when a hearing must be held by appellant following a due demand. Section 12-a sets forth the procedure for a formal hearing, but it does not set forth the time when a hearing must be held. It is apparent that prima facie the appellant had ample time to comply with the request of the petitioner to perform a statutory duty and has failed to do so. The prima facie right to mandamus-type relief was established and the appellant does not dispute that conclusion. The appellant in response to the application for relief submitted an affidavit to Special Term wherein it was alleged that the applications for hearings were being handled in a chronological order and petitioner was No. 47 on a list of 80 cases; that the department was giving priority to conducting hearings that had a direct bearing on the safety and health of resident patients and this was not a priority case; and that by implication there had been insufficient attorneys on its staff to sooner reach the petitioner's case or to set a certain date for a hearing. Special Term held that the affirmative defense offered by the above allegations to show the delay was not unreasonable, was not sufficiently established and, accordingly, granted the relief demanded by petitioner. The affirmative defense relies entirely upon allegations that the department was understaffed to conduct all hearings within a reasonable time. This defense is so limited that it is insufficient as a matter of law. Subdivision 8 of section 206 authorizes the appellant to deputize an officer or employee of the department to perform any act he is charged with the responsibility of doing or performing. Section 12-a provides in subdivision 1 that hearings may be held by any person deputized by the appellant and subdivision 5 provides that the Attorney-General may present the facts in hearings. The present affidavit submitted as an affirmative defense does not show any facts relating to the ability of the Attorney-General to act as attorney for the department in those hearings or that there are insufficient personnel in the department to be deputized to act as hearing officers. Judgment affirmed, with costs. Koreman, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.